Smith, J.
A motion was filed in this court December 30, 1899, asking that an entry appearing on the journal of the court as of July 23, 1898, purporting to be a finding of fact in the above entitled cause, and a final judgment of dismissal of the action, and one of the same date overruling the motion of the plaintiffs to set aside said finding and judgment entry and to grant them a new trial,be vacated. The motion was filed under the provisions of section 5354 and post, which provide for the vacation or modification by courts of their own orders or judgments after the term at which they were made.
The grounds alleged in the motion are, first, that said entries were made by the clerk of this court, on its journal, by mistake; and second, that there was irregularity in obtaining the same, in this, to-wit: that while said cause having been heard by these judges duly and legally assigned to hold circuit court in this county, which such findings and judgments purport by said entries to have been made by such court, such entries, findings and judgments were in fact made by the presiding judge thereof, against the protest of said plaintiff.
It clearly appears from the evidence which has been submitted to us, that the case here in question was duly tried by a visiting court assigned to hold court in this county, before July 22,1898,and that on said day the case was decided by the court, a written opinion being handed down, finding *473 the law and equity to be with the defendants and dismissing the action of plaintiffs at their costs. To this decision the attorney for the plaintiffs at once excepted and applied to the court for a separate finding of facts and conclusions of law, under the provision of the statute, and on the next morning, which was the last day of the session of said judges in th5s county, a form of such finding and judgment was submitted to the court, but the counsel for the defendants being absent from the city,as we understand,it was arranged by the court and the counsel for the plaintiffs, that if the counsel for defendants was satisfied with the entry so prepared, it was to be entered; and if not, the entries of the different parties were to be sent to the presiding judge, and the court was to approve and return an entry which, with an entry overruling a motion for anew trial, was to be placed on the journal of that court.
Afterwards the two findings of facts prepared by the defendants’ counsel, and the entry overruling the motion for a new trial prepared by counsel for plaintiffs, were forwarded to the presiding judge at his home, who shortly before August 21, 1898, approved the entry finding the facts and conclusions of law and the judgment prepared by the counsel for the defendants, and sent them to the clerk of this court with directions to enter them upon the journal as of July 28, 1898, which was ths Iást day of the session of the court or that branch of it in this county, which was done, and they now appear as the action of the court on that day.
As has been stated,the sole grounds urged why those entries should be set aside now, are these: That they were entered by mistake by the clerk, and that they are not the act of the court Evidently there was no mistake on the part of the clerk, for he did just what the presiding judge directed him to do And the only foundation for the claim that the judgments were irregularly entered, is the assumption that the court itself never rendered the said judgments, or at least did not pass on the form of the entries submitted and concur in the action of the presiding judge in ordering them to be entered upon the journal. There is no claim whatever but that the judgment of the court as announced, was in favor of the defendants, dismissing the petition of plaintiffs at their costs, or that the court in fact directed *474 the motion for a new trial to be overruled. The grievance of the plaintiffs’ counsel is, that the finding of facts as entered was wrong or defective, and that the one selected and ordered by the presiding judge to be entered, was not approved by his associates who beard the case with him. And the only support of this claim is the statement in the affidavit of he plaintiffs’counsel, that it was done by the presiding judge individually, and without the intervention or action of the other judges who sat in the case.
In answer to this it may be said, first, that it was not necessary or essential that both of said judges should have acted with the presiding judge in passing upon these entries. The action of two of the three members of the court, if they agreed, was sufficient. In the second place we may say that we think the evidence offered was wholly insufficient to support the allegation of the motion. The affidavit of counsel, which is the only evidence on this point, states no fact showing that it was true, and it must evidently be considered as a mere opinion or conclusion that such was the fact, based so far as we can see, only on the fact that the papers were sent to the presiding judge at his home, and that the other judges did not live in the same city, and that the orders and judgments were indorsed by the presiding judge and sent by him to the clerk at Cincinnati for entry. This conclusion we think is entirely unwarranted. For all that appears the three judges may have personally or by correspondence agreed on the entries exactly as they appear upon the journal. The idea that the judgment of a court, a record which in many respects imports absolute verity and can not be impeached by parol evidence,is to be set aside on such showing, can not be tolerated. Our knowledge of the manner in which these things are done by courts, in connection with all the facts shown in the-case, convinces us that the entries were properly made and should not be interfered with by us. The motion is therefore overruled.